JAMES CONNOR *vs.* SCHUYLER PARKS.

In an action against A. for goods delivered to B., the plaintiff having offered evidence to show generally that B. was purchasing such goods on A.'s account, and as his agent, the defendant may show that B. made such other purchases on his own account.

ASSUMPSIT to recover payment for milk sold the defendant.

At the trial in the court of common pleas, it appeared that the milk was delivered to one Nathan Simonds. The plaintiff offered evidence tending to show that the defendant, from the year 1848 until the year 1849, was the owner of a milk route from Lexington to Boston, and introduced evidence of other purchases by said Simonds, and also the declaration of the defendant, tending to show that said Simonds managed said route, and purchased the milk sued for as the agent of the defendant; and that the defendant had become responsible by his bond in writing, for milk which had been sold to Simonds, for the purposes of the milk route.

The defendant, for the purpose of showing that Simonds, during the period mentioned, transacted business on his own account, and in order to rebut the testimony of the plaintiff tending to show the agency, offered evidence to show that said Simonds, during the period aforesaid, bought and sold milk on his own account, and hired servants to assist him in carrying on the business of the route, and that the defendant became surety, by a bond in writing, for milk purchased by said Simonds. The plaintiff objected to the admission of such testimony. But the presiding judge, *Mellen*, J. admitted the evidence, and the jury returned a verdict for the defendant. The plaintiff excepted to the foregoing ruling.

*M. G. Cobb*, for the plaintiff.

*C. R. Train*, for the defendant.

BY THE COURT. The nature of the question at issue between the parties, whether Simonds was the agent of the defendant, or was the principal in the sale, would of itself open pretty broadly the evidence of the course of business as conducted by these persons. But the plaintiff had, by the evidence introduced by him, endeavored to charge the defendant as principal, by proving that other sales of milk, nominally made to Simonds, had been assumed by the defendant as the responsible party. This rendered it proper for the defendant, in order to rebut the evidence of the plaintiff, tending to show the agency of Simonds, to show on his part that Simonds was in the habit of buying milk on his own account, and that the defendant in these cases only became obligated as surety,

Simonds being the principal. This evidence was, in the opinion of the court, under the circumstances of the case and the course of the plaintiff's evidence, admissible.

*Exceptions overruled.*